ANNIE F. MACK *v.* ARTHUR E. AUSTIN, *as Executor, etc., et al.*

No. 13,095.   (72 Pac. 551.)

SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*Foreclosure—Parties Defendant.* In an action on a note and to foreclose a mortgage securing it, where the plaintiff alleged that the note and mortgage were not in his possession, but wrongfully in the possession of another, who was claiming the same as her own and, through them, a lien on the land, it was proper to bring into the action such other person by publication of a summons, she being a non-resident. Such action was not a transitory, but a local, one, although the plaintiff

prayed in his petition that such wrongful holder be required to bring such note and mortgage into court. The gravamen of the action was the foreclosure of plaintiff's mortgage and the exclusion of the defendant from any lien she might claim on the real estate involved.

Error from Woodson district court; L. STILLWELL, judge. Opinion filed May 9, 1903. Affirmed.

### STATEMENT.

AUSTIN sought to foreclose a mortgage on land in Woodson county. He made plaintiff in error Mack a party defendant, alleging as against her that one with whom he had left the mortgage and the note secured thereby for collection had procured an extension agreement to be executed by the maker thereof, whereby the time for the payment of the note was extended for five years, and had thereafter sold the note and mortgage, accompanied by such extension agreement, to the defendant Mack; that she had refused to deliver the same to him upon his demand. His petition prayed a foreclosure as against the makers of the mortgage and owner of the land, and, as against Mack, that she be—

"ordered and required to bring said note and mortgage into this court to abide such order and judgment as the court may make and render herein concerning the same; that plaintiff may be adjudged to be the owner and holder of said note and mortgage; that the said Annie Frances Mack be adjudged to have no right, title, interest or right of possession to, in or of them or either of them, or to or in the said mortgaged premises."

He asked further that all of the defendants be barred and foreclosed from any and all right, interest or title in the mortgaged premises. Affidavit for publication on non-resident defendants, of whom Mack

was one, was filed and due publication notice made. Thereupon Mack, making special appearance for that purpose, filed her motion for an order setting aside the service of summons by publication, because the action as against her was a transitory, and not a local, one, and, being such, no warrant was found in the statute authorizing publication of summons to be made on her. Pending the action of the court on this motion, plaintiff was permitted, upon his application, to file an amended petition, which was in the form ordinarily adopted in the foreclosure of mortgages, and contained the allegation that Mack had, or claimed to have, some interest in, title to, or claim or lien upon, the premises described, and prayed that she might be foreclosed of such claim.

Thereafter Mack filed her motion to dismiss plaintiff's action on the ground that he had no right to sue her on the cause of action set out in the pleadings, and for the further reason that the pleadings showed that the action was not one in which service of summons by publication was proper as against her. These motions being overruled, she filed her demurrer on the grounds that the court had no jurisdiction of her person or jurisdiction of the subject of the action so far as the same related to her; that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff as against her. This demurrer being overruled, Mack filed her answer, admitting the allegations of the petition respecting the execution of the note and mortgage, alleged ownership in her, and prayed that the action be dismissed and that she have judgment for her costs. Thereupon the plaintiff filed a reply, reciting the facts as to the manner in which Mack came into the possession of the note and mortgage and extension agreement, substantially as

he had stated them in his first petition.   Upon these issues judgment was rendered for plaintiff, that he was the owner of the note and mortgage and entitled to foreclosure, which was awarded him, with an order for the sale of the mortgaged premises, and after sale that Mack and the other defendants be barred and foreclosed from setting up any interest in, title to, or claim upon the premises.

*Silas Porter*, and *L. H. Finney*, for plaintiff in error.

*B. H. Tracy*, and *S. C. Holmes*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: It is urged by Mack that as to her the action in essence was one in replevin for the possession of the note and mortgage, and that therefore she could not, under any proper construction of our statute, be brought in by service of summons by publication.   The amended petition, with answer and reply which followed, together presented no issues other than those tendered by the original petition; hence we shall consider the question as though it arose solely upon the allegations of the original petition.   While in that petition are found averments that the possession of the note was unlawfully obtained and detained by Mack, that she had no right or title to, or interest in, them, and prayed the order of the court that she be required to deliver them up to the plaintiff, still these allegations and this answer were entirely superfluous.   The gravamen of the action, as against Mack, was that she claimed some interest in the real estate upon which the mortgage was sought to be foreclosed, and the object of the action, as against her, was to divest her of such interest.   True, the naked allegation that she claimed such interest would have been

sufficient, but the fact that the nature of the claim was set out fully, and showing made that such claim was untenable, did not vitiate the petition, the essence being, as we have remarked, that she was making a claim of interest in the subject of the action, and was therefore a necessary party to the complete determination of the questions involved. She was, therefore, a proper party to be joined, under section 36 of the code of civil procedure. (Gen. Stat. 1901, § 4464.)

As the subject of the action was real property, and the plaintiff's petition showed that Mack was claiming some lien or interest therein, and as she was a non-resident of the state, it was proper under section 72 of the code of civil procedure (Gen. Stat. 1901, § 4506) to bring her in by service of summons made by publication. We might further add that it seems that she made full appearance by the filing of her various answers, motions, and demurrers. At any rate, we think that the court had full jurisdiction over her to render the judgment which it did.

Plaintiff in error further complains that there was no proper evidence connecting the note upon which plaintiff brought his action with that which was sold by the Globe Investment Company to her. We are unable to agree with this contention. Aside from the evidence found in the record, which we deem abundant to establish this fact, there is also found this statement made by her counsel in open court during the progress of the trial : ''Defendants produce in court the note and mortgage sued on by the plaintiff, and an extension agreement thereof.'' This statement beyond question connects the note and mortgage upon which plaintiff's suit was based with that in the hands of defendant Mack.

The judgment of the court below will be affirmed.

All the Justices concurring.